## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

RAY F. BUENO,
an individual,

                                     Case No.:

     Plaintiff,

v.

UNIVERSITY OF MIAMI,
A Florida Non-Profit Corporation,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company, and
TRANS UNION, LLC,
a foreign limited liability company,

     Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, RAY BUENO (hereinafter, "Bueno" or "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, UNIVERSITY OF MIAMI (hereinafter, "University of Miami"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax"), and TRANS UNION, LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants").   In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for University of Miami's violation of the Fair Credit Reporting Act ("FCRA") wherein

1

University of Miami unlawfully reported an alleged a student account balance in Plaintiff's consumer credit files as maintained by Equifax and Trans Union.

2. More specifically, despite Plaintiff advising University of Miami that he did not owe a balance on the alleged account, and after Plaintiff disputed University of Miami's reporting of such erroneous information directly to Equifax and Trans Union, University of Miami *continued* to report the account balance.

3. Furthermore, this is an action for damages for Equifax's and Trans Union's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") FCRA wherein Equifax and Trans Union each continued to incorrectly report Plaintiff as responsible for the alleged University of Miami account balance after Plaintiff repeatedly advised that such balance was not owed, and after Plaintiff provided information to Equifax and Trans Union proving the same.

## JURISDICTION, VENUE & PARTIES

4. Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

5. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6. Venue is proper in this District as the acts and transactions described herein occur in this District.

2

7.     At all material times herein, Plaintiff is a natural person residing in Miami-Dade County, Florida.

8.     At all material times herein, University of Miami does business in Florida.

9.     At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

10.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

11.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

12.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

13.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

14.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

15.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

16.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed

information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

17.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

18.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## **GENERAL ALLEGATIONS**

19.     At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c).

20.     At all material times herein, University of Miami, itself and through its subsidiaries, regularly maintains student accounts of consumers residing in Miami-Dade County, Florida.

21.     At all material times herein, University of Miami is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

22.     At all material times herein, University of Miami attempts to collect and report information concerning an alleged student account referenced by account number     6D4699XXXXXXXXXXXX     and     DA6D46XXXXXXXXXXXX (hereinafter, the "Alleged Debt" or the "Account").

23.     At all material times herein, University of Miami furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

24.     At all material times herein, Equifax and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating,

and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

25.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

### UNIVERSITY OF MIAMI ACCOUNT BALANCE

27.     Prior to March 2022, Plaintiff had a student loan account with the University of Miami.

28.     On March 31, 2022, University of Miami sent Plaintiff an e-mail notifying him that University of Miami absolved Plaintiff of the remaining balance on the Account. *See* **Exhibit A.**

29.     The e-mail also states that "no further action relating to payments will be pursued" from Plaintiff's account. *Id.*

30.     Moreover, University of Miami refunded Plaintiff a $640 payment he had made in March 2022.

### PLAINTIFF'S DISPUTES REGARDING THE UNIVERSITY OF MIAMI ACCOUNT

31.     In March 2022, University of Miami was still reporting a balance on the Account in an amount greater than $2000.

32.     In or around March 2022, Plaintiff submitted a dispute (hereinafter, "Plaintiff's First Dispute") to Trans Union, Equifax, and Experian Information Solutions, Inc. (hereinafter, "Experian") and stated that the balance of $2,026 was incorrect and should instead be $0.

33.     University of Miami, Trans Union, Equifax, and Experian each received Plaintiff's First Dispute.

34.     In response to Plaintiff's First Dispute, Experian fixed the incorrect balance, but Trans Union and Equifax failed to change the balance from $2,026 to $0.

35.     As such, on or about July 19, 2022, Plaintiff submitted yet another dispute (hereinafter, "Plaintiff's Second Dispute") to Trans Union and Equifax and stated that the balance of $2,026 was incorrect and should instead be $0. *See* **Exhibit B.**

36.     Plaintiff's Second Dispute included University of Miami's e-mail absolving the Alleged Debt (Exhibit A).

37.     University of Miami, Trans Union, and Equifax each received Plaintiff's Second Dispute.

38.     On or about July 29, 2022, Equifax responded to Plaintiff's Second

Dispute and reported the Account as having a balance of $2,065. A true and correct copy of Equifax's Second Dispute response is attached as **Exhibit C.**

39.    On or about July 30, 2022, Trans Union responded to Plaintiff's Second Dispute and reported the Account as having a balance of $2,065. A true and correct copy of Trans Union's Second Dispute response is attached as **Exhibit D.**

40.    Importantly, Trans Union and Equifax each verified the incorrect balance on the Account, while Experian managed to correct the incorrect reporting.

41.    To date, University of Miami is still reporting the Account as having a balance on Plaintiff's Equifax and Trans Union reports.

## **DAMAGES**

42.    As a result of Defendants' reporting of the Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he will be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by University of Miami if he needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

43.    Overall, Plaintiff suffered damage to his otherwise pristine credit reputation as a result of Defendants' conduct.

44.    Plaintiff retained Swift, Isringhaus & Dubbeld, P.A. for the purpose of pursuing this matter against Defendants.

45.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against University of Miami, Equifax, and Trans Union.

46.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with incorrect information resulting in the Account being reported as a derogatory, negative, or adverse account.

47.     Plaintiff was denied credit as a result of Defendants' derogatory and continued reporting of the Account.

48.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to University of Miami that he did not owe a balance on the Account, Plaintiff must simply endure Defendants' reporting of the Account.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(As to University of Miami Only)**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

49.     University of Miami is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Equifax and Trans Union remove the Account balance from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

50.     As described above, University of Miami absolved Plaintiff of any balance on the Account.

51.     As such, it is materially misleading for University of Miami to continue to report Plaintiff as having a balance after the same was described in multiple disputes.

52.     Despite University of Miami receiving notice of Plaintiff's disputes from Plaintiff, Equifax, and Trans Union—including the information and documents referenced in the above paragraph—University of Miami willfully and/or negligently failed to request that Equifax and Trans Union remove the balance on the Account and continued to report derogatory, incorrect information to Equifax and Trans Union including a significant balance due.

11

53.    University of Miami's credit reporting is materially misleading.

54.    University of Miami's re-investigations were not conducted in good faith.

55.    University of Miami's re-investigations were not conducted reasonably.

56.    University of Miami's re-investigations were not conducted using all information and documents reasonably available to University of Miami.

57.    As a result of University of Miami's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with incorrect information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

58.    University of Miami's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

59.    Plaintiff was denied credit as a result of University of Miami's inaccurate reporting.

60.     University of Miami's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

61.     Equifax and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

62.     Equifax and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

63.     Specifically, despite Plaintiff advising Equifax and Trans Union that Plaintiff did not owe a balance the Account—Equifax and Trans Union each continued to report the Account with a balance due, resulting in the Account being

reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

64.     Further, Equifax and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his Equifax and Trans Union credit reports and credit file.

65.     Such reporting of the Account is false and evidences Equifax's and Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

66.     As a result of Equifax's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with incorrect information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

67.     Plaintiff was denied credit as a result of Equifax's and Trans Union's actions.

68.     Equifax's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

69.     Equifax's and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

70.     Equifax and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files.

71.     Specifically, Equifax and Trans Union each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

15

72.     Equifax and Trans Union did not request any documents from University of Miami corroborating information furnished and verified by University of Miami to Equifax and Trans Union regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

73.     As such, Equifax's and Trans Union's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

74.     Such reporting is false and evidences Equifax's and Trans Union's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

75.     Equifax's and Trans Union's reinvestigations of Plaintiff's disputes were not conducted reasonably.

76.     Equifax's and Trans Union's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by University of Miami.

77.     Equifax's and Trans Union's reinvestigations of Plaintiff's disputes were not conducted in good faith.

78.     Equifax's and Trans Union's reinvestigation procedures are unreasonable.

79.     Equifax's and Trans Union's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Equifax and Trans

Union.

80.     Equifax's and Trans Union's reinvestigations were *per se* deficient by reason of these failures in Equifax's and Trans Union's reinvestigations of Plaintiff's disputes and the Account.

81.     As a result of Equifax's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with incorrect information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

82.     Plaintiff was denied credit as a result of Equifax's and Trans Union's actions.

83.     Equifax's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

84.     Equifax's and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages,

punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges paragraph one (1) through forty-eight (48) as if fully restated herein and further states as follows:

85.    Equifax and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

86.    Specifically, despite Equifax and Trans Union receiving Plaintiff's Disputes—Equifax and Trans Union each *continued* to report the Account with derogatory, incorrect information, causing the Account to be reported as a derogatory, negative, or adverse tradeline account.

87.    Equifax's and Trans Union's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

88.    As a result of Equifax's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued

reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with incorrect information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

89.     Plaintiff was denied credit as a result of Equifax's and Trans Union's actions.

90.     Equifax's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

91.     Equifax's and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)</u>**

Plaintiff re-alleges paragraphs one (1) through forty-eight (48) as if fully restated herein and further states as follows:

92.     Equifax and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or

delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

93.     Specifically, despite Equifax and Trans Union receiving Plaintiff's Disputes—neither Equifax nor Trans Union removed the balance of the Account from Plaintiff's credit reports and credit files.

94.     Instead, Equifax and Trans Union continued to report derogatory information regarding the Account.

95.     As a result of Equifax's and Trans Union's conduct, actions, and inactions, Plaintiff suffered damage to his credit reputation and credit worthiness, was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Account with incorrect information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

96.     Plaintiff was denied credit as a result of Equifax's and Trans Union's actions.

97.     Equifax's and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

98.     Equifax's and Trans Union's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully request an entry of:

a.     Judgment against University of Miami, Equifax, and Trans Union for maximum statutory damages for violations of the FCRA;

b.     Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages in an amount to be determined at trial;

e.     An award of attorney's fees and costs; and

f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or

data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
*Counsel for Plaintiff*