United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray F. Bueno, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22831-Civ-Scola |
| | ) |
| University of Miami, | ) |

### Order Requiring More Definite Statement

Upon review of the complaint and the briefing on Defendant University of Miami's motion to dismiss, the Court hereby orders the Plaintiff to file a more definite statement by way of an amended complaint in conformity with Federal Rule of Civil Procedure 12(e). *See Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (acknowledging district courts' "inherent authority" to require plaintiffs to file more definite statements sua sponte).

This case concerns a student loan debt. The Plaintiff purports to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), against the University of Miami for reporting inaccurate information to credit reporting agencies. (*See* Compl. ¶¶ 49-60, ECF No. 1.) The University moves to dismiss this claim, in part, on the basis that the Plaintiff fails to allege an actual inaccuracy. (*See* Mot. 12-14, ECF No. 18.) Both sides' arguments turn on an email from a University representative to the Plaintiff, which is attached to the complaint and says: "'UM will personally will be facilitating this issue and absolving you from the remaining balance as well as the payment you have just made [. . .] no further action relating to payments will be pursued from your account.'" (*See* Mot. 13 (quoting ECF No. 1-5).)

While the Plaintiff seems to take this e-mail to be an admission that he did not owe the University the stated balance (*see* Compl. ¶ 28), the University seems to take it to literally mean that it would simply absolve the Plaintiff of the debt in the future with no indication as to the balance's accuracy. (Mot. 13.) The University emphasizes the future tense in the e-mail indicating that the remaining balance *will* be absolved.

The Plaintiff's sparse allegations concerning the nature of the debt do not help in resolving the University's challenge. His complaint describes the debt in a mere four sentences that doubtlessly leave out useful information. (Compl. ¶¶ 27-30.) In those meagre phrases, the Court is told that the above e-mail was sent to the Plaintiff on March 31, 2022, (*see* Compl. ¶ 28; ECF No. 1-5), but the Court is also informed that the Defendant *did* have a student loan account with the University leading into March 2022. (Compl. ¶ 27.)

So, the nature of the inaccuracy remains unclear. Is the Plaintiff claiming that no balance should have ever been reported to begin with? Or was the balance reported incorrect? Additionally, when was the inaccuracy first reported by University? The questions abound. Although the Court focuses here on the inaccuracy issue, it notes that based on the parties' briefing, other facts seem to be missing from the complaint as well, including the role of a third-party named "ECSI" in the debt's reporting process. (*See* ECF No. 1-5.)

In sum, the Plaintiff has put together a complaint that leaves much to be wanted, doubtlessly falling short of the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10. Surely, the facts of this case turn on more than just four sentences. Accordingly, the Court **orders** him to file a more definite statement in the form of an amended complaint consistent with Rule 12(e). Failure to abide by this Order will result in dismissal. For now, the University's motion (**ECF No. 18**) is denied, without prejudice, as moot.

**Done and ordered** in Miami, Florida, on December 7, 2022.

Robert N. Scola, Jr.
United States District Judge