UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RAY F. BUENO,
an individual,

      Plaintiff,

v.

Case No.: 1:22-cv-22831-RNS

UNIVERSITY OF MIAMI,
a Florida non-profit corporation, and
TRANS UNION, LLC,
a foreign limited liability company,

      Defendants.
_____/

PLAINTIFF'S OPPOSED
MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

**COMES NOW**, Plaintiff, RAY F. BUENO (hereinafter, "Plaintiff"), by and through undersigned counsel pursuant to Federal Rules of Civil Procedure, Rule 15(a)(2), and hereby files *Plaintiff's Opposed Motion for Leave to File Second Amended Complaint and Memorandum of Law in Support* (hereinafter, "Motion to Amend"). In support thereof, Plaintiff states:

**I.    PROCEDURAL HISTORY AND SUMMARY OF CLAIMS**

1.    On September 6, 2022, Plaintiff filed his Complaint against Defendants UNIVERSITY OF MIAMI (hereinafter, "University of Miami"), EQUIFAX INFORMATION SERVICES LLC ("Equifax"), and TRANS UNION LLC ("Trans

Union")[1] alleging that Defendants violated the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA"). *See* Doc. 1.

2. On December 7, 2022, following University of Miami's Motion to Dismiss Plaintiff's original Complaint, the Court entered an Order requiring a more definitive statement from Plaintiff supporting his claims under the FCRA. Doc. 29.

3. On December 21, 2022, Plaintiff filed an Amended Complaint that tailored and added additional factual allegations supporting Plaintiff's claims against University of Miami under the FCRA. Doc. 34.

4. On January 4, 2023, University of Miami filed its Motion to Dismiss Plaintiff's Amended Complaint. Doc. 40.

5. Between November 19, 2022 and the date of this Motion to Amend, Plaintiff and University of Miami have both served and responded to written discovery requests regarding Plaintiff's claims and University of Miami's defenses.

6. Additionally, between November 19, 2022 and the date of this Motion to Amend, counsel for Plaintiff and counsel for University of Miami have met and conferred regarding the parties' discovery responses, document production, and discovery supporting Plaintiff's factual allegations.

7. On January 10, 2023, counsel for Plaintiff sent a copy of Plaintiff's proposed Second Amended Complaint to counsel for University of Miami.

---

[1] On December 21, 2022, Plaintiff filed Notices of Settlement as to Trans Union and Equifax [Docs. 32-33] and filed a Joint Stipulation for Dismissal as to Equifax on December 29, 2022 [Doc. 38] but neither Defendant has been dismissed from this case as of the filing of this Motion to Amend.

8.     On January 11, 2023, counsel for University of Miami sent an e-mail to counsel for Plaintiff advising that University of Miami opposes Plaintiff's Motion to Amend.

9.     A copy of Plaintiff's proposed Second Amended Complaint is attached as Exhibit "A" with corresponding exhibits to the Second Amended Complaint attached as Exhibits "1" through "3."

## SUBSTANCE AND PURPOSE OF AMENDMENT

10.    Based on the discovery conducted to date and discussions between counsel for the parties, Plaintiff seeks to file a Second Amended Complaint to include details learned through discovery and conform the pleadings to the evidence obtained through the discovery process.

11.    Additionally, Plaintiff's proposed Second Amended Complaint clarifies Plaintiff's factual allegations to address arguments made in University of Miami's Motion to Dismiss Amended Complaint, specifically, whether Plaintiff's claim involves a collateral legal dispute rather than a factual dispute. *See* University of Miami's Motion to Dismiss Amended Complaint; Doc. 34 at § II(D).

12.    Finally, University of Miami's Motion to Dismiss Amended Complaint argues, in part, that Plaintiff's claims should be dismissed because Plaintiff failed to include documents referenced in Plaintiff's factual allegations. *See* Doc. 34 at § II(A). Plaintiff's proposed Second Amended Complaint includes three (3) exhibits, one (1) through three (3), that were not included as exhibits to Plaintiff's first Amended Complaint. Please see the Exhibits one (1) through three (3) contemporaneously filed

with this Motion to Amend and Plaintiff's proposed Second Amended Complaint.

13. Though University of Miami undoubtedly opposes the facts alleged in Plaintiff's Second Amended Complaint, factual opposition at this stage is not an appropriate basis for opposing or denying amendment because factual opposition is not a factor under Rule 15. *See Regions Bank v. Lynch*, 2008 WL 11335033, *1, *1 (M.D. Fla. 2008) (describing that under Rule 15, the proper considerations are "undue delay, bad faith, dilatory motive … undue prejudice to the opposite party [due to the amendment] [and] futility …"); *Home Point Fin. Corp., v. Lane*, 2021 WL 2875897, *1, *4 (M.D. Fla. 2021) ("…potential factual disputes generally are not resolved in the context of a motion to amend, and it would be inappropriate for the Court to resolve them without an evidentiary hearing"); *Foraker v. Reeves*, 2012 WL 1205673, *1, *4 (N.D. Okla. 2012) ("It would be improper to deny plaintiff leave to amend due to factual disputes concerning defendants' alleged misconduct and the severity of the accident").

14. As such, Plaintiff requests that the Court enter an Order granting this Motion to Amend.

## **MEMORANDUM IN SUPPORT**

Leave to amend a complaint should be granted freely by the court when justice so requires. F.R.C.P.15(a)(2). As explained in *Great American Assurance Company v. Sanchuk, LLC*, 2012 WL 195526 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)), the Supreme Court enumerated the following factors "a district judge may use to deny leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment"). None of these factors weighing in favor of denying leave to amend are present here.

This is Plaintiff's first request to amend the Complaint and it is not filed in order to cure deficiencies by previous amendments. Plaintiff's prior amendment was ordered by the Court following University of Miami's Motion to Dismiss and undertaken to clarify issues raised in the Court's order. No new claims or theories were raised or omitted by the first amendment. Plaintiff's proposed Second Amendment seeks to conform the factual allegations to information learned through discovery, to include documents referenced in Plaintiff's Amended Complaint as exhibits, and is not an attempt to cure a deficiency of the prior amendment ordered by the Court.

Plaintiff has not engaged in undue delay, has not acted in bad faith, and does not have any dilatory motive. To the contrary, Plaintiff was diligent and in good faith sought and exchanged information with University of Miami that resulted in Plaintiff realizing he could further amend his claims to be tailored to the evidence in this case.

In *Redmond v. Receivables Performance Management, LCC*, No. 8:11-cv-692-T-30EAJ, 2011 WL 6032956, at *1-2 (M.D. Fla. Dec. 5, 2011), this Court permitted leave for the plaintiff to amend his second amended complaint while the defendant's summary judgment motion was pending before the Court. As this Court explained,

> The Court concludes that Plaintiff's motions should be granted. Importantly, Plaintiff is not requesting any extension of any date other than the discovery cut-off date.

> And, in the interest of avoiding piece-meal litigation, it would be more efficient to allow Plaintiff to add the additional claim against Defendant at this time, especially since the amendment will not affect the June 2012 trial date. Finally, if Defendant does not think the allegations of the new claim are sufficient to state a claim, it may file a motion to dismiss related to that claim.

The circumstances here weigh even more heavily in favor of permitting leave to amend than in *Redmond* as this is Plaintiff's first request to amend his Complaint well before the summary judgement stage. Additionally, the parties recently filed their Joint Motion for Extension of Time of Discovery Cutoff Deadline and Case Deadlines Following the Discovery Cutoff on January 4, 2023, requesting that the Court extend the discovery deadline to March 30, 2023. Doc. 39 at p. 4. As such, if the Court grant's the Joint Motion for Extension of Time of Discovery Cutoff, University of Miami will still have sufficient time to conduct discovery regarding any changes made through Plaintiff's Second Amended Complaint before the discovery cutoff date.

## CONCLUSION AND REQUEST FOR RELIEF

Pursuant to the reasons set forth above, Plaintiff respectfully requests that this Court grant Plaintiff's *Motion for Leave to File Second Amended Complaint* and deem the attached Second Amended Complaint filed as of the date of the Court's Order.

In the alternative, should the Court deny this Motion to Amend, Plaintiff respectfully requests that the Court permit Plaintiff to file his response opposing University of Miami's Motion to Dismiss Amended Complaint within fourteen (14) days from the date of the Court's Order denying this Motion to Amend.

## Rule 7.1 Certification

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the undersigned certifies that he contacted University of Miami's counsel regarding Plaintiff's intention to seek leave to file a Second Amended Complaint, provided a copy of the proposed Second Amended Complaint attached hereto, and University of Miami opposes the relief sought herein.

Dated: January 17, 2023

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
Aaron M. Swift, Esq., FBN 0093088
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (813) 563-8466
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2023, I filed a true and correct copy of the above and foregoing via CM/ECF which shall serve a copy of the same to all counsel of record:

/s/ *Jon P. Dubbeld*
Attorney