United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray F. Bueno, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-22831-Civ-Scola |
| University of Miami et al., | ) |
| Defendants. | ) |

### Order Denying Motion for Leave to File Second Amended Complaint

  This matter is before the Court on Plaintiff Ray F. Bueno's ("Bueno") motion for leave to file a second amended complaint. (Mot., ECF No. 46.) The Defendant University of Miami (the "University") has responded in opposition to Bueno's motion (Resp., ECF No. 52), and Bueno has not replied. Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **denies** Bueno's motion. (**Mot., ECF No. 46.**)

  This case concerns a student loan debt. On September 6, 2022, Bueno filed his complaint, purporting to state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), against the University of Miami for reporting inaccurate information to credit reporting agencies. (Compl. ¶¶ 49-60, ECF No. 1.)[1] On October 20, 2022, the University moved to dismiss the complaint for failure to state a claim (ECF No. 18), and on November 17, 2022, Bueno filed a response in opposition (ECF No. 25).

  Even though it had earlier entered a scheduling order setting the deadline to amend pleadings as November 21, 2022 (ECF No. 20),[2] on December 7, 2022, the Court *sua sponte* ordered Bueno to file a more definite statement in the form of an amended complaint consistent with Rule 12(e), and, in turn, denied the University's motion to dismiss (ECF No. 18), without prejudice, as moot. Bueno filed the amended complaint on December 21, 2022 (ECF No. 34), and, on January 4, 2023, the University once again moved to dismiss (ECF No. 40). Now, rather than respond to the University's motion to dismiss, Bueno moves the Court for leave to file a second amended complaint. (Mot., ECF No. 46.) Notably, Bueno never moved the Court for an extension of the November 21, 2022, deadline to amend pleadings.

---

[1] Bueno's initial complaint also asserted claims against Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"). On December 21, 2022, Bueno filed notices of settlement as to both Equifax and Trans Union (ECF Nos. 32, 33), and on December 29, 2022, Equifax was dismissed from the case with prejudice (ECF No. 38). In light of the foregoing, and because Trans Union has not responded to Plaintiff's motion for leave to file a second amended complaint, the instant order focuses on the University's opposition.
[2] On January 5, 2023, the Court entered an amended scheduling order indicating that the deadline to amend pleadings had passed. (ECF No. 43.)

Where a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Federal Rule of Civil Procedure 15(a). That is, the movant must also show "good cause" under Federal Rule of Civil Procedure 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (cleaned up).

As grounds for his motion, Bueno states that he seeks to file a second amended complaint to (1) incorporate evidence learned through discovery, (2) clarify factual allegations to address arguments made in the University's pending motion to dismiss, and (3) include exhibits in response to the University's pending motion to dismiss. (Mot. ¶¶ 10–12, ECF No. 46.) The University argues that Bueno's motion should be denied because he has not demonstrated good cause for leave to amend as he is required to do following the expiration of the deadline to amend pleadings. (Resp. 4–7, ECF No. 52.) The Court agrees.

Bueno's second and third reasons for amendment past the deadline in essence propose that he should be allowed leave to amend to respond to the arguments raised in the University's pending motion to dismiss. These reasons are irrelevant to whether he acted diligently in seeking amendment. Thus, of Bueno's stated reasons for seeking amendment, only the first—*i.e.*, to conform the pleadings to evidence obtained through discovery—suggests good cause for seeking leave to amend after the deadline to do so has passed. If Bueno quickly sought leave amend to incorporate information newly learned in discovery, that would potentially constitute good cause as required by Fed. R. Civ. P. 16(b). *See, e.g.*, *Adderley v. Three Angels Broad. Network, Inc.*, Civil Action No. 18-23362-Civ-Scola, 2019 U.S. Dist. LEXIS 244522, at *3 (S.D. Fla. Apr. 9, 2019) (Scola, J.) (granting motion for leave to file second amended complaint where, the same day on which a second extension of the deadline for leave to amend

was ending, the plaintiff received over 1,000 pages in additional discovery from the defendants).

However, Bueno does not identify or point to any particular information learned during discovery that he seeks to incorporate in his proposed second amended complaint. Instead, he merely states that between November 19, 2022 (before he filed his amended complaint), and the date of the pending motion to amend, the parties have exchanged written discovery and their counsel have met to confer regarding discovery. (Mot. ¶¶ 5–6, ECF No. 46.) Indeed, a side-by-side comparison of Bueno's amended complaint (ECF No. 34) and his proposed second amended complaint (ECF No. 46-1) reveals little difference between the two, and certainly no difference so significant as to result from the discovery of novel information.[3]

Accordingly, the Court **denies** Bueno's motion for leave to file a second amended complaint. (**Mot., ECF No. 46.**) Bueno has **fourteen (14)** days from the date of this order to file a response to the University's pending motion to dismiss (ECF No. 40).

**Done and ordered** at Miami, Florida, on February 13, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[3] Because the Court finds Bueno's failure to demonstrate good cause dispositive, it need not address the University's argument that the proposed amendment would be futile. (Resp. 7–8, ECF No. 52.)