United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray F. Bueno, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-22831-Civ-Scola |
| University of Miami, and others, | ) |
| Defendants. | ) |

**Order Granting Motion to Dismiss**

This matter is before the Court on the motion to dismiss the Plaintiff's amended complaint by Defendant University of Miami (the "University"). (Mot., ECF No. 40.) The Plaintiff has responded (ECF No. 56), and the University timely replied (ECF No. 57.) Having reviewed the briefing, the record, and the relevant legal authorities, the Court **grants** the University's motion to dismiss and **dismisses** the Plaintiff's claims against it. (**ECF No. 40**.)

1. **Background**

Plaintiff Ray F. Bueno alleges that the University violated the Fair Credit Reporting Act ("FCRA," specifically here 15 U.S.C. § 1681s-2(b)) by failing to correct the amount of his outstanding debt on a student loan with two credit bureaus after promising to absolve the balance of that loan. (Am. Compl. ¶¶ 29-34, 74-83, ECF No. 34.) He pleads one count against the University for violating the FCRA, asserting that the University "willfully and/or negligently failed to reasonably investigate and ultimately failed to request that Equifax and Trans Union correct the balance" of his Federal Perkins Loan (a partially government-subsidized student loan). (*Id.* ¶¶ 30, 77.)[1]

The Court previously directed the Plaintiff to file an amended complaint, observing that the Plaintiff's allegations regarding the details of the alleged inaccurately reported debt were "sparse" or "meagre," and thus fell short of Federal Rules of Civil Procedure 8 and 10's requirements for pleadings. (Order Requiring More Definite Statement at 1-2, ECF No. 29.) The Court specifically observed that the Plaintiff left unstated details of the allegedly inaccurate report of his debt, including when the inaccurate report was made, what the

---

[1] The Plaintiff also pleaded four counts for relief under the FCRA against Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"), but has since filed notices of settlement with both Defendants (ECF Nos. 32, 33), and has since dismissed his claims against Equifax by joint stipulation. (ECF No. 38.) The only claim remaining in this matter is the Plaintiff's sole count against the University.

reported inaccuracy consisted of, and what role a third party identified only as "ECSI" played in the debt's reporting process. (*Id.*)

The amended complaint provides the following information in response to the Court's order. The Plaintiff now alleges that the debt is a "Federal Perkins Loan," a type of student loan, that the University provided to Mr. Bueno while he was a student there. (Am. Compl. ¶¶ 29-30.) Mr. Bueno also asserts that the University agreed to absolve the balance of his debt on this student loan sometime in March of 2022, based on his prior service in the United States Marine Corps, where he served in a "hostile fire and imminent danger pay area." (*Id.* ¶¶ 27, 32, 34.) The Plaintiff alleges that the University informed him it "absolved" him of his outstanding balance by phone on March 18, 2022, and by email on March 31, 2022. (*Id.* ¶¶ 35, 38.)[2] Therefore, the Plaintiff states, the University "reported an illegitimate balance" on his student loan to Equifax and Trans Union as of March 2022, when he filed this lawsuit. (*Id.* ¶ 50.) The amended complaint contains no allegations regarding ECSI's alleged role in the debt reporting process, however. (*See generally id.*)

Now, the University moves to dismiss the amended complaint for failure to state a claim upon which relief may be granted. The University attaches the referenced March 31, 2022, email to its motion to dismiss and argues that the email only states that the University would absolve the Plaintiff's outstanding loan balance in the future. (Mot. at 4-6, Ex. 1.) The University also argues that the Plaintiff was not entitled to cancelation of his student loan debt based on his military service, fails to identify an inaccuracy in reporting on his student loan debt, the Plaintiff's claim is improper under the FCRA because it involves a collateral legal dispute, and fails to establish that the University qualifies as a "furnisher of information" under the FCRA. (Mot. at 6-14.) The Plaintiff responds in opposition to each argument, asserting that he has sufficiently pleaded his FCRA claim, he was entitled to have his loan balance canceled, and his claim is not an improper collateral attack on his student loan debt. (Resp. at 3-19.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true,

---

[2] Although the Plaintiff attached the referenced March 31, 2022, email to his original complaint, he omits it as an exhibit in the amended complaint. It is not clear whether this was done intentionally or in error, however, because the amended complaint references several specific exhibits, none of which are attached to the amended complaint as filed. (ECF No. 34.) The Plaintiff has never attempted to correct this deficiency, even though he separately filed a motion to submit a second amended complaint after the deadline to amend the pleadings (which the Court denied). (ECF Nos. 46, 54.)

construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

The Court finds that the Plaintiff has failed to plead sufficient facts to support his FCRA claim against the University. First, the Plaintiff fails to identify an alleged inaccuracy in his credit report, based on the University's March 31, 2022, email. Second, in violation of the Court's order requiring a more definite statement and as is also required under the FCRA, the Plaintiff fails to plead sufficient facts supporting his claim that the University qualified as a furnisher of information.

The Eleventh Circuit has not established a definitive list of the elements that a plaintiff must plead to support an FCRA claim against a furnisher of credit information under Section 1681s-2(b). The Plaintiff argues in his response that the following five elements must be pleaded (and the Defendant does not dispute this characterization): (1) that the defendant "is a furnisher of credit information"; (2) that the plaintiff "notified the credit reporting agencies" (the "CRAs") that the plaintiff has "disputed inaccurate or misleading credit reporting"; (3) that the CRAs notified the defendant of the dispute(s); (4) that "the reporting was in fact inaccurate [or] misleading"; and (5) that the defendant "failed to conduct a reasonable re-investigation of the dispute(s)." (Resp. at 5;[3] *see generally* Reply). These five elements accord with the statute's

---

[3] The Plaintiff cites *Pieta v. USAA Group.*, No. 13-322-CIV, 2013 WL 3810891, at *2 (N.D. Fla. July 22, 2013)) and *Robbins v. CitiMortgage, Inc.*, No. 16-04732-CIV, 2017 U.S. Dist. LEXIS 209367, at *12-28 (N.D. Cal. Dec. 20, 2017) to support these five elements in the Response.

plain terms and the Eleventh Circuit's current requirements for FCRA claims against furnishers of information. 15 U.S.C. § 1681s-2(b); *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018) ("Upon receipt of a notice from a CRA that a consumer disputes the completeness or accuracy of any information provided by a furnisher, the furnisher must (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided by the CRA; and (3) report the results of the investigation to the CRA.").

Here, the parties' dispute deals with the first and fourth elements—that is, whether the University qualifies as a furnisher of information, and whether the University's reporting of the Plaintiff's outstanding loan balance in March of 2022 was "inaccurate or misleading" following the University's alleged absolution of the Plaintiff's loan balance. The Court first addresses whether the reporting could be considered inaccurate or misleading and then turns to whether the University qualifies as a furnisher of information.

### A. The Plaintiff Fails to Identify an Inaccuracy in His Credit Report that Would Support His FCRA Claim

The FCRA requires that credit reports "be both technically accurate and not misleading." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020). "[W]hether a report is misleading is an objective measure, one that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate credit reporting." *Id.* (cleaned up). Further, the "plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)." *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019).

The Plaintiff fails to identify an actual, objective inaccuracy with his credit report to support his FCRA claim against the University. The central issue here is whether the Plaintiff's allegations can support that his credit report was inaccurate or misleading in March of 2022. The Plaintiff pleads that, because his reports with Equifax and Trans Union reflected an outstanding balance on his student loan, but the University had "absolved" him of that loan, his reports were inaccurate because the University continued to report "false information." (Am. Compl. ¶¶ 35, 52.)

The Plaintiff's allegations are, however, directly contradicted by the March 31, 2022, email from the University that the Plaintiff references in his amended complaint. The email does not state that the Plaintiff's debt has been absolved—rather, it states that the University "**will** personally be facilitating this issue and **absolving** you from the remaining balance as well as the

payment you have just made." (Mot. Ex. 1 at 1, ECF No. 40-1 (emphasis added).) The Court may appropriately rely on the email in resolving the motion to dismiss because the Plaintiff expressly references it in his pleadings. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (observing that "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed."). The Plaintiff does not challenge the authenticity of the email, and the amended complaint clearly makes the email central to the Plaintiff's FCRA claim. *Id.* ("'Undisputed' in this context means that the authenticity of the document is not challenged."); (Am. Compl. ¶ 35 ("For example, on March 31, 2022, University of Miami sent Plaintiff an e-mail notifying him that University of Miami absolved Plaintiff of the remaining balance on the Account.")).

The circumstances here are remarkably similar to those in *Hunt*, where the Eleventh Circuit upheld a district court's dismissal of a plaintiff's FCRA claims against JPMorgan Chase Bank ("JPMC") because JPMC accurately reported to CRAs that the plaintiff had an outstanding debt on a mortgage, over 120 days past due. 770 F. App'x at 457-58. The Plaintiff argued that, because JPMC had accelerated the mortgage loan and initiated a foreclosure action, he was relieved of his obligations to make monthly payments. While the Eleventh Circuit did not endorse that argument, it observed that "even assuming [the plaintiff] ultimately turned out to be correct about his legal obligation to pay, his FCRA argument fails nonetheless" because it demonstrated a "disputed legal issue" rather than a "factual inaccuracy." *Id.*

Although this decision is not binding, the Court finds it very persuasive here. The Plaintiff has demonstrated that he has a legal dispute with the University over the absolution of his student loan debt. But, as of March of 2022, the University had only promised that it would, in the future, absolve Mr. Bueno's student loan debt. Therefore, his situation here is remarkably like the plaintiff in *Hunt*—whether his dispute with the University about the eventual absolution of his student loan debt is meritorious or not, the report itself was not factually inaccurate based on the University's March 31, 2022, email. (Am. Compl. ¶¶ 35, 52; Mot. Ex. 1 at 1); *Hunt*, 770 F. App'x at 457-58.

### B. The Plaintiff Fails to Allege Sufficient Facts Demonstrating that the University Qualifies as a Furnisher of Information under the FCRA

Additionally, the Court finds that the Plaintiff has failed to plead sufficient facts to establish that the University qualifies as a furnisher of information under the FCRA. While the FCRA does not expressly define the term "furnisher of information," courts have generally been able to establish

what the term must mean: any entity that "reports" or otherwise submits information to a CRA relating to a consumer's debt. *See* 15 U.S.C. § 1681s-2(b); *see also Porter v. Experian Info. Servs., Inc.*, No. 121CV00453SDGRGV, 2021 WL 5068262, at *7 n.12 (N.D. Ga. Oct. 30, 2021) ("The term 'furnishers of information' is not specifically defined within the FCRA but generally includes any entity that reports information to a CRA which is relevant to a consumer's credit rating."), *report and recommendation adopted sub nom. Porter v. Experian Info. Servs., LLC*, No. 121CV00453SDGRGV, 2022 WL 887288 (N.D. Ga. Jan. 27, 2022) (quoting *Paredes v. Sallie Mae*, No. 11-2470-CIV, 2011 WL 5599605, at *4 (D.N.J. Nov. 16, 2011)); *accord Elias v. Chase Bank USA, N.A.*, No. CIV.A 209CV250KSMTP, 2010 WL 384527, at *3 (S.D. Miss. Jan. 27, 2010) ("A 'furnisher' is an entity 'which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies.'") (quoting *Carney v. Experian Info. Sols., Inc.*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999)). While the requirements to demonstrate that an entity qualifies as a furnisher are therefore straightforward, the Plaintiff fails to plead them here.

The Plaintiff only alleges that the University must be a "furnisher" because his credit report lists the "University of Miami" and "University of Miami Coll" as the account owner and furnisher. (Am. Compl. ¶ 22.) This pleading is insufficient in light of the Court's order requiring a more definite statement, however. In that order, the Court identified that "the role of a third-party named 'ECSI' in the debt's reporting process" seemed "to be missing from the [original] complaint." (Order Requiring More Definite Statement at 2.)

Rather than expound on third-party ECSI's role, however, the Plaintiff has completely ignored this entity in his amended complaint. (*See, e.g.,* Am. Compl. ¶¶ 19-26.) As the incorporated email indicated, ECSI was the entity with which the Plaintiff communicated regarding the status of his debt. (Mot. Ex. 1 at 1.) The amended complaint is therefore deficient for two reasons. First, it ignores the Court's order—where the Court warned the Plaintiff that "[f]ailure to abide by this Order will result in dismissal." (Order Requiring More Definite Statement at 2.) Second, it creates a factual inconsistency within the amended complaint itself—is the University the "furnisher of information," or is ECSI? The Court still cannot determine this based on the Plaintiff's failure to plead sufficient facts supporting its allegation that the University is the correct furnisher, and the Plaintiff's failure to include any of the exhibits referenced in the amended complaint only exacerbates this problem.

Accordingly, the Court finds that the Plaintiff fails to state a claim upon which relief may be granted under the FCRA and dismisses the Plaintiff's claim

against the University.[4] Because the Court has previously granted the Plaintiff leave to amend, and the Court's decision is based on the undisputed terms of the incorporated March 31, 2022, email, this dismissal is with prejudice. *See, e.g., Tom v. Equal Emp. Opportunity Comm'n*, No. 20-22726-CIV, 2021 WL 810563, at *2 (S.D. Fla. Mar. 2, 2021) (Scola, J.) ("A Court may dismiss a cause of action with prejudice 'where further amendments would be futile.'")

### 4. Conclusion

For the reasons stated above, the Court **grants** the University of Miami's motion to dismiss. (**ECF No. 40**.) The Court **dismisses** the Plaintiff's claims against the University of Miami **with prejudice**. The Clerk is **directed** to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 26, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[4] Because the Court finds that the Plaintiff failed to comply with the requirements of the Court's order requiring a more definite statement and fails to plead several essential elements of his FCRA claim, the Court need not and does not address the parties' arguments regarding whether the Plaintiff's debt could be canceled based on his prior military service and whether his claim is an improper collateral legal attack.