**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

RAY F. BUENO,

    Plaintiff,

v.    Case No. 1:22-cv-22831-SCOLA/GOODMAN

EQUIFAX INFORMATION
SERVICES, LLC, TRANSUNION,
LLC, UNIVERSITY OF MIAMI,

    Defendants.
_____/

**DEFENDANT'S MOTION FOR AWARD OF TAXABLE COSTS**

Defendant, University of Miami (the "University"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 54(d)(1), S.D. Fla. L. R. 7.3(c) and 28 U.S.C. § 1920, hereby moves for a judgment taxing costs against Plaintiff, Ray F. Bueno. The University is the prevailing party in this action and, therefore, is entitled to an award of taxable costs as a matter of law. Submitted in support of this Motion is the University's Bill of Costs and supporting invoices, attached hereto as Exhibit 1.

**INTRODUCTION**

In his operative Amended Complaint, Plaintiff alleged a claim against the University for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) (the "FCRA"). (ECF No. 34). On April 26, 2023, the Court entered an Order granting the University's Motion to Dismiss Plaintiff's Amended Complaint with prejudice.

**BACKGROUND RELEVANT TO ACCRUAL OF TAXABLE COSTS**

When Plaintiff filed his original Complaint on September 6, 2022, the Court placed the case on its expedited case track. (ECF. No. 4). On October 27, 2022, the Court entered its

Scheduling Order, setting the following relevant deadlines: January 30, 2022, to complete all fact discovery; and February 13, 2023, to file all dispositive motions. (ECF No. 20). On December 8, 2022, the Court entered an Order Requiring a More Definite Statement. (ECF No. 29). On December 21, 2022, Plaintiff filed an Amended Complaint. (ECF No. 34). On January 4, 2023, the parties filed a Joint Motion for Extension of Time of Discovery Deadline and Case Deadlines Following the Discovery Deadline. (ECF No. 39). Also, on January 4, 2023, the University filed a Motion to Dismiss the Amended Complaint. (ECF No. 40).

On January 5, 2023, the Court entered an Amended Scheduling Order extending the following relevant deadlines: deadline to complete all fact discovery was moved from January 30, 2022, to March 30, 2023; and the deadline to file all dispositive motions was moved to from February 13, 2023, April 13, 2023. (ECF No. 43). Plaintiff filed an Opposition to the Motion to Dismiss on February 27, 2023, and the University filed a Reply in support of its Motion to Dismiss on March 6, 2023. (ECF No. 56, 57). On March 27, 2023 (17 days before the dispositive motion deadline set forth in the Amended Scheduling Order), Plaintiff filed an Emergency Motion for Extension of Time of the Discovery Cutoff Deadline, and the remaining case deadlines. (ECF No. 59). The University opposed the Emergency Motion. (*Id.*). On March 28, 2023, the Court granted in part and denied in part the Plaintiff's emergency motion for extension of time of the discovery deadline, extending fact discovery to 30 days past the Court's ruling on the University's motion to dismiss, but denied Plaintiff's general request to extend remaining deadlines "because it is uncertain how the Court's decision on the pending motion to dismiss will impact those deadlines." (ECF No. 60).

On April 13, 2023, the University timely filed its Motion for Summary Final Judgment in compliance with the Court's Amended Scheduling Order. (ECF No. 43, 61-69). On April 26, 2023, 13 days after the court-ordered dispositive motion deadline, the Court entered an Order Granting the University's Motion to Dismiss with prejudice. (ECF No. 72). During the course of these proceedings, the university incurred $3,671.45 in taxable costs as follows: (1) $2,643.95 for court reporter charges for deposition transcripts; and (2) $1,027.50 for videographer charges for depositions. *See* Exhibit 1. The specifics of these costs are discussed below.

## ARGUMENT

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Rule 54(d) creates "a presumption in favor of awarding costs" to the prevailing party. *Krug Celebrity Cruises, Inc.*, No. 16-22810-Civ-Scola, 2018 WL 11459917, *1 (S.D. Fla. Sept. 18, 2018) (*citing Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012)) and *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981). Ordinarily, the party in whose favor judgment is entered is the "prevailing party." *Chiever v. R.J. Schor, Inc.*, No. 08-60461-CIV-ZLOCH, 2008 WL 4097795, at *1 (S.D. Fla. Sept. 2, 2008). *See also Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14–CV–22461, 2014 WL 6968073, *3 (S.D. Fla. Dec. 9, 2014) (Defendant was the prevailing party after the court granted its motion to dismiss). Here, the Court granted the University's Motion to Dismiss with prejudice. Therefore, the University is the prevailing party.

As the prevailing party, the University is entitled to an award of its taxable costs. *See, e.g., Health First, Inc. v. Hynes*, No. 6:11-CV-715-ORL-41KRS, 2015 WL 12977509, at *5 (M.D. Fla. Mar. 5, 2015) (noting that the "prevailing party" is entitled to "recover its taxable costs pursuant to Rule 54(d) and § 1920"), aff'd, 628 F. App'x 723 (11th Cir. 2016); *Ayala v. Sheriff of Broward*

*Cty.*, No. 12-61933-CIV-WILLIAMS, 2014 WL 12616162, at *1 (S.D. Fla. Sept. 16, 2014) (awarding taxable costs to the Defendant as the prevailing party).

Costs under Rule 54(d) are limited by the parameters of 28 U.S.C. § 1920. *Moise v. Credit Control Servs., Inc.*, No. 11-60026-CIV, 2012 WL 7996939, at *4 (S.D. Fla. Aug. 3, 2012) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)), R&R adopted, No. 11-60026-CIV, 2012 WL 7997538 (S.D. Fla. Aug. 12, 2012). That statute permits the following items to be taxed as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, the University seeks $3,671.45 in costs. *See* Exhibit 1. As discussed below, these costs were necessarily incurred and specifically are taxable under applicable law.

**I.     Deposition Transcripts**

The University seeks $2,643.95 for court reporter charges for deposition transcripts. "Costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were 'necessarily obtained for use in the case.'" *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000)).[1] "In

---

[1] Similarly, "[n]umerous courts have ruled that court reporter appearance fees are properly taxable as costs." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases); *Berrios v. Univ. of Miami*, No. 11-22586-CV, 2012 WL 7051307, at *3 (S.D. Fla. Oct. 25, 2012) (same), R&R adopted, No. 11-CV-22586-UU, 2012 WL 7008241 (S.D. Fla. Dec. 19, 2012).

determining the necessity of a deposition, the deposition must only appear to have been ***reasonably necessary at the time it was taken***, regardless of whether it was ultimately used at trial." *Id.* (emphasis supplied). *See also Lucas v. Royal Caribbean Cruises, Ltd*., No. 19-20914-CV-SCOLA/TORRES, 2020 WL 6162793, *2 (S.D. Fla. Sept. 10, 2020) (same), R&R adopted, No. 19-20914-Civ-Scola, 2020 WL 6158977 (S.D. Fla. Oct. 21, 2020); *Venerio v. Fed. Express Corp.*, No. 17-22624-Civ-SCOLA/TORRES, 2018 WL 9367858, *2 (S.D. Fla. Dec. 27, 2018) (same), R&R adopted, No. 17-22624-Civ-Scola, 2019 WL 3841902 (S.D. Vla. Jan. 14, 2019).

The University took two depositions in this case, the Plaintiff and Geovanna Arias, and Plaintiff took one deposition of a University employee, Vanessa Barbieri. The University ordered the transcripts for the depositions it took, and the University ordered a copy of the deposition transcript of the deposition Plaintiff took (which Plaintiff ordered). All three depositions were necessary for use in the case, including in timely filing a motion for summary judgment, and were critically related to issues present in the case at the time of the depositions. *See Lucas*, 2020 WL 6162793, at *2; *Venerio*, 2018 WL 9367858, at *2. The University relied heavily on the Plaintiff's and Ms. Barbieri's deposition transcripts in connection with the University's timely submission of its summary judgment briefing. (ECF No. 61-69). The University did not use the deposition of Ms. Arias in its summary judgment briefing in order to reserve its use for a reply in support of its motion for summary judgment. Moreover, as the girlfriend and employee of the Plaintiff, Ms. Arias' testimony was necessary as it related to various issues present in the case at the time of the deposition. *See Venerio*, at *2. Therefore, these costs are taxable. *See Hernandez v. Motorola Mobility, Inc*., No. 12-60930-CIV, 2013 WL 4773263, at *4 (S.D. Fla. Sept. 4, 2013) ("Defendant used all five deposition transcripts in support of its motion for summary judgment. Thus, the costs associated with the depositions are generally taxable.").

Here, the Court did not have the opportunity to rule on the University's Motion for Summary Judgment, because it dismissed the Amended Complaint with prejudice. The three deposition transcripts, however, were ordered at a time when necessary to address critical issues and are thus taxable. *See Venerio*, at *4 ("[r]ecoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem."); *Covington v. Ariz. Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *4 (S.D. Fla. Jan. 25, 2011) (taxing hearing transcripts because they were "necessary to rebut the plaintiff's arguments" and contained statements used in subsequent proceedings), R&R adopted, 2011 WL 777883 (S.D. Fla. Mar. 1, 2011).

## II.   Videographers at Depositions

The University seeks $1,027.50 in videographer charges for the video recording of the depositions of Plaintiff and Ms. Arias. The cost of videographers for depositions properly is taxable under § 1920. The Eleventh Circuit has held that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996). Here, Plaintiff's and Ms. Arias' depositions properly were noticed as video depositions, and Plaintiff did not object to same. On that basis alone, the videographer costs properly should be taxed.

Moreover, in this case, the videographer costs were reasonably and necessarily incurred. In FCRA cases like this one, the plaintiff is generally the primary witness in support of his claims (and depositions may be used at trial "for any purpose" under Rule 32 (including substantively and for impeachment)) and, therefore, videotaped depositions of plaintiffs are reasonably and

necessarily obtained. *See, e.g., Cardinale v. S. Homes of Polk Cty., Inc.*, No. 8:06-CV-1295-T-27MSS, 2008 WL 2199273, at *1 (M.D. Fla. May 27, 2008); *Fantroy v. Publix Super Markets, Inc.*, No. 8:12-CV-1940-T-33EAJ, 2014 WL 408426, at *3 (M.D. Fla. Feb. 3, 2014). *See also Katz v. Chevaldina*, No. 12-22211-CIV-KING, 2015 WL 5255429, at *4 (S.D. Fla. Aug. 17, 2015) (taxing the costs of video deposition of plaintiff because "[a]ssuming Plaintiff testified at trial, the video could have been useful for impeachment"). In the event that this matter proceeded to trial, the University would have used these videos throughout trial: in opening and in closing, and to impeach Plaintiff. Clearly, the videos were reasonably and necessarily obtained.

Relatedly, videographer fees are taxable when related to "pivotal" witnesses. *See Myers v. Cent. Fla. Invs., Inc.*, No. 604CV1542ORL28DAB, 2006 WL 8439554, at *2 (M.D. Fla. June 19, 2006) ("because this particular witness was pivotal to the case, the Court finds that it was reasonable to order both a videotape and a transcription of the deposition"), R&R adopted, No. 604CV1542ORL28DAB, 2006 WL 8439555 (M.D. Fla. July 27, 2006). The testimonies of both Plaintiff and his girlfriend, Ms. Arias, were pivotal to the case. For this reason, the videographer fees for these depositions properly may be taxed. *See, e.g., Seven Seas Cruises S. DE R.L., v. V. Ships Leisure SAM*, No. 09-23411-CIV, 2010 WL 5139073, at *2 (S.D. Fla. Dec. 9, 2010).

### III.   Post-Judgment Interest

As set forth in the attached Bill of Costs and supporting invoices (Exhibit 1), the University incurred $3,671.45 in costs that specifically are taxable under 28 U.S.C. § 1920 and the case law cited above. All these costs were reasonably necessary for the University's successful defense against Plaintiff's claim. The University seeks post-judgment interest on these costs, calculated from the date of dismissal of the case with prejudice (April 26, 2023 (ECF No. 73)). A prevailing party is entitled to post-judgment interest on taxable costs, calculated from the date of final

judgment is entered. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1260 (S.D. Fla. 2013) (*citing* 28 U.S.C. § 1961; *BankAtlantic v. Blythe Eastman Paine Webber,* Inc., 12 F. 3d 1045, 1052 (11th Cir. 1994); and *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F. 2d 794, 799 (11th Cir. 1988)). The post-judgment interest rate is "the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar-week preceding the date of the judgment." 28 U.S.C. § 1961(a). Here, the applicable interest rate is 4.80%. *See*

https://www.federalreserve.gov/datadownload/Preview.aspx?pi=400&rel=H15&preview=H15/H15/RIFLGFCY01_N.WF (last accessed May 18, 2023). At that rate, interest accrues at $0.48 per diem.

WHEREFORE, the University respectfully requests that the Court (1) tax costs against Plaintiff in the amount of $3,671.45, along with post-judgment interest on that amount until fully paid; (2) enter judgment in that amount in favor of the University (whose address is 1320 S. Dixie Highway, Suite 1200, Coral Gables, Florida 33146) and against Plaintiff (whose address is 900 Biscayne Boulevard, Apt. 2404, Miami, Florida 33132); (3) order Plaintiff to complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the University's counsel within 45 days of the date the cost judgment is entered; (4) retain jurisdiction to enforce the cost judgment; and (5) grant such other relief as the Court deems just and appropriate under the circumstances.

**CERTIFICATE OF CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(a)(3) and 7.3(c), I hereby certify that, on May 19, 2023, I e-mailed Plaintiff's counsel a draft copy of this Motion, along with the Bill of Costs and supporting invoices. The parties conferred via e-mail in a good-faith effort to resolve the matters raised herein.

As a result of the conferral, Defendant reports that Plaintiff intends to oppose the relief sought in this Motion.

By: /s/ Matthew Lines
    Matthew L. Lines

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Matthew L. Lines
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Matthew L. Lines
    Florida Bar No. 243980
    Lines@irlaw.com
    Catherine A. Mancing
    Florida Bar No. 23765
    Mancing@irlaw.com

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 24th day of May 2023, upon counsel of record.

/s/ Matthew L. Lines
    Matthew L. Lines