United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ray F. Bueno, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22831-Civ-Scola |
| | ) |
| University of Miami, and others, Defendants. | ) |

**Order Denying Motion for Reconsideration**

This matter is before the Court on the Plaintiff, Ray F. Bueno's ("Bueno") motion for reconsideration. (ECF No. 75.) Bueno seeks reconsideration of the Court's order dated April 26, 2023, in which the Court granted the Defendant, the University of Miami's (the "University") motion to dismiss and dismissed Bueno's claims against the University with prejudice. (ECF No. 72.) The University filed a response opposing the motion for reconsideration. (ECF No. 77.) Bueno did not file a reply, and the time to do so has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Bueno's motion. (**ECF No. 75**.)

1. **Legal Standard**

Rule 59(e) permits a motion to alter or amend a judgment, but only in limited circumstances—where there is "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted). Considering such a circumscribed purpose, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (cleaned up). As stated by this Court:

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (cleaned up). For these reasons, "reconsideration of a previous

order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (Dimitrouleas, J.) (cleaned up).

### 2. Analysis

The Court assumes the parties' familiarity with the factual and procedural background of this case. Bueno seeks reconsideration for two reasons. First, Bueno argues that reconsideration is warranted because the Court misapplied the legal standard governing the University's motion to dismiss for failure to state a claim. Bueno submits that the Court committed a clear error by failing to accept all the allegations in his amended complaint as true, failing to draw all reasonable inferences in his favor, and failing to review all the factual allegations in the light most favorable to him. Second, Bueno argues that reconsideration is also warranted because he has obtained new evidence in support of his claims. Specifically, Bueno points to the deposition of Vanessa Barbieri, one of the University's employees who most frequently communicated with Bueno about the status of his loan. The Court addresses each argument in turn.

First, Bueno's argument that the Court misapplied the standard on the motion to dismiss by failing to properly credit all the allegations in his amended complaint does not state a permissible ground for reconsideration. To be clear, Bueno does not argue that the Court committed a manifest error of law or that it patently misunderstood or misapprehended his pleading. (*See generally* Mot. 2–3, ECF No. 75.) Instead, he takes issue with the result of the Court's analysis of the allegations in his complaint. As a result, Bueno essentially raises the same arguments upon moving for reconsideration that he raised in his opposition to the University's motion to dismiss. (*See* ECF No. 56.) Because Bueno's argument as to the misapplication of the motion to dismiss standard merely seeks to relitigate old matters that have been previously raised and decided, it does not present a permissible basis for reconsideration, and the Court may properly reject it on this ground alone. *See Smith v. Ocwen Fin., 488 F. App'x 426*, 428 (11th Cir. 2012).

Even upon considering Bueno's first argument on the merits, however, the Court still concludes that it does not warrant any modification of the Court's order. In contending that the Court failed to properly credit all the allegations in his amended complaint, Bueno seems to forget that the Court is only required to accept well-plead facts. In other words, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d

1342, 1352 (11th Cir. 2006). After re-reviewing the allegations highlighted in Bueno's motion, the case remains that he fails to plead any facts indicating an alleged inaccuracy in his credit report. In short, Bueno's allegations all support the point that the University promised to refrain from taking further action as to his account as of a particular date, presumably, March 2022. (*See generally* Mot. 5–8, ECF No. 75.) But, as the Court explained in its order granting dismissal, at best, Bueno's allegations "demonstrate[] that he has a legal dispute with the University over the absolution of his student loan debt[,]" and not that there is a "factual inaccuracy" in the University's alleged report. (*See* Order 4–5, ECF No. 72 (citing *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019)).) Bueno does not address this distinction at all in his request for reconsideration.

Furthermore, Bueno's motion also fails to raise any issue as to the Court's determination that he did not plead sufficient facts demonstrating that the University qualifies as a furnisher of information under the FCRA, an alternative ground for granting dismissal. In its order, the Court explained, in this regard, that the amended complaint was deficient because, one, it ignored the Court's prior order to supply more definite information as to the role of a third-party named "ECSI" in the debt-reporting process (even though the Court warned Bueno that failure to do so would result in dismissal) and, two, it created a factual inconsistency as to the real entity acting as the furnisher of information with regard to Bueno's debt. (*See id.* 5–7.) Bueno does not address either of these conclusions convincingly in his motion for reconsideration. Bueno's assertion that he "was not in a position . . . to add any additional context as to [] ECSI's alleged role [] in the reporting process" is not taken in good faith considering the evidence, originally submitted by Bueno himself, that he has had communications with ECSI in the past. (*See* Compl. Ex. A, ECF No. 1-5.) Therefore, at a minimum, Bueno could have incorporated allegations as to the nature and purpose of those communications in his amended complaint.

Second, the new evidence Bueno highlights does not merit reconsideration of the Court's order either. As noted above, "a Rule 59(e) motion [cannot be used] to . . . present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (cleaned up) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Bueno contends that the March 28, 2023, deposition of Vanessa Barbieri offers new evidence not available at the time he filed the amended complaint in late December 2022. Critically, however, Bueno offers no explanation for *why* he was prevented from taking Barbieri's deposition before he filed his amended complaint. The fact that Bueno took

almost three months after the University moved to dismiss his amended complaint to take Barbieri's deposition does not, standing alone, mean that the evidence raised therein was previously unavailable. The record shows that Bueno was on notice of Barbieri's potential significance to these proceedings at least as of March 31, 2022 (*see* ECF No. 1-5), and of the University's intention to seek dismissal at least as of October 20, 2022, when it filed its first motion to dismiss (ECF No. 18). *See, e.g.*, *Ferguson v. Dolphins*, Civil Action No. 20-24483-Civ-Scola, 2021 U.S. Dist. LEXIS 235202, at *12 (S.D. Fla. Dec. 8, 2021) (Scola, J.) ("While the information [Plaintiffs] present might have been previously unknown to them, they fail to explain why it was impossible for them to have discovered the information earlier.").

Besides, assuming that Bueno had good cause to delay Barbieri's deposition until March 28, 2023, the Court did not issue its order granting the University's motion to dismiss until almost a month later, on April 26, 2023. (*See* ECF No. 72.) In the intervening period, Bueno could have requested leave to supplement the record with Barbieri's deposition, but he didn't. *See, e.g.*, *Fellype v. Citibank, N.A.*, No. 19-23547-Civ-COOKE/GOODMAN, 2020 U.S. Dist. LEXIS 247521, at *4 n.1 (S.D. Fla. Nov. 6, 2020) (Cooke, J.) (noting the defendant could have requested leave to supplement the evidentiary record). Instead, he waited another month after the Court issued its dismissal order to raise the deposition in his motion for reconsideration. *See, e.g.*, *In re Chiquita Brands Int'l, Inc.*, No. 08-MD-1916, 2019 U.S. Dist. LEXIS 202965, at *86 (S.D. Fla. Nov. 22, 2019) (Marra, J.) ("Evidence discovered or known prior to issuance of the Court's September 3, 2019 Order is not 'new.'"). In short, because the Court has no explanation for why Bueno waited until March 2023 to take Barbieri's deposition, or for why he didn't attempt to present the evidence raised therein prior to the dismissal of this action with prejudice, his suggestion that the deposition presents previously unavailable evidence is wholly unconvincing.

In any case, even if Bueno did show unavailability of the evidence raised in Barbieri's deposition, said evidence would not alter the outcome of the Court's analysis. For one, contrary to Bueno's assertions, Barbieri's statements fail to establish anything other than the existence of a legal dispute over the absolution of Bueno's student loan debt. Per the deposition excerpts cited by Bueno himself, Barbieri states only that Bueno's loan cancellation "*should* be accepted" and that, if successful, no balance would be owed "*to the University of Miami.*" (Mot. 12–13, ECF No. 75 (emphasis added) (quoting V. Barbieri Dep., ECF No. 62-1).) Thus, nothing in these excerpts evidences the existence of a factual inaccuracy in Bueno's report. Similarly, the deposition testimony Bueno cites to support his claim as to the University's status as a furnisher of

information does nothing to clarify ECSI's role in the debt-reporting process. Notably, however, a cursory review of Barbieri's full deposition reveals that ECSI came up repeatedly and likely played a not-insignificant role in the process. (*See generally* V. Barbieri Dep., ECF No. 62-1.)

Finally, the Court's denies Bueno's alternative request that it reconsider its order by dismissing his amended complaint *without prejudice* so that he can plead allegations related to Ms. Barbieri's testimony and conduct additional discovery. Because Bueno does not provide any other reason for seeking dismissal without prejudice, the Court interprets his request as one for leave to amend. However, Bueno fails to comply with Local Rule 15.1, which requires that a motion to amend "reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Fla. L.R. 15.1. Moreover, where a party seeks leave to amend after the deadline to do so has passed, he must show "good cause" under Federal Rule of Civil Procedure 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2). While the standard under Rule 15(a) is lenient, still, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the [opposing party], and futility of the amendment." *See Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations omitted). Bueno's motion to reconsider does not even cite to Rules 15(a) and 16(b), let alone make any effort to set forth the necessary showing of good cause. Accordingly, his request that the Court reconsider its order by dismissing his amended complaint without prejudice is denied.

### 3. Conclusion

For the reasons set out above, the Court **denies** Bueno's motion for reconsideration. (**ECF No. 75**.)

**Done and ordered**, in Miami, Florida, on August 7, 2023.

_____
Robert N. Scola, Jr.
United States District Judge