UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-22831-SCOLA/REID

RAY F. BUENO,

    Plaintiff,

v.

UNIVERSITY OF MIAMI, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON MOTION FOR AWARD OF TAXABLE COSTS**

This matter is before the Court on Defendant the University of Miami's ('the' "University") Motion for Award of Taxable Costs ('the "Motion"), which United States District Court Judge Robert N. Scola, Jr. referred to me for a Report and Recommendation. [ECF Nos. 74, 76]. Having reviewed the University's Motion, Plaintiff Ray F. Bueno's ("Plaintiff") Response in Opposition ("Response") and the University's Reply in Support of Its Motion ("Reply"). [ECF Nos. 74, 78, 82] the Court **RECOMMENDS** that the Motion be **GRANTED**, and the University be awarded $3,671.45 in taxable costs.

**BACKGROUND**

Plaintiff brought this action under the Fair Credit Reporting Act ("FCRA"). In his Amended Complaint, Plaintiff alleged the University unlawfully and inaccurately reported a student account balance in his consumer credit files. [ECF No. 34]. The University moved to dismiss the Amended Complaint, arguing Plaintiff failed to state a claim for relief under the FCRA. [ECF No. 40]. Judge Scola entered an Amended Scheduling Order extending the deadline to

1

complete discovery and file all dispositive motions. [EFC No. 43]. In compliance with the Amended Scheduling Order, the University filed its timely motion for Summary Judgment on April 13, 2023. [EFC No. 69]. Before Plaintiff filed his response to the University's motion for summary judgment, Judge Scola dismissed Plaintiff's Amended Complaint with prejudice for failure to state a claim [ECF No. 72]. The Court found that Plaintiff failed to identify an alleged inaccuracy in his credit report and failed to plead sufficient facts supporting his claim that the University qualified as a furnisher of information to the credit reporting agency. [ECF No. 72 at 3]. The University filed this Motion pursuant to Fed. R. Civ. P. 54(d)(1), S.D. Fla. L. R. 7.3(c) and 28 U.S.C. § 1920. [ECF No. 74]. The University seeks $3,671.45 in taxable costs, specifically: (1) $2,643.95 for court reporter charges for deposition transcripts and (2) $1,027.50 for videographer charges for depositions. [ECF No. 74 at 3].

In his Response, Plaintiff does not contest the monetary amounts, nor does he claim the costs the University is requesting are not recoverable. Instead, Plaintiff argues the Court should exercise its discretion to deny an award of taxable costs. [ECF No. 78]. Plaintiff contends, for instance, that his FCRA claim reflects an issue of substantial public importance and awarding costs would have a chilling effect on future actions, particularly actions involving parties with deep economic disparities. [*Id.*].

In its Reply, the University reiterates its entitlement to taxable costs as the prevailing party. [EFC No. 82]. Further, the University contends that the case is neither of public importance nor sufficiently close, novel, or complex. The University also argues that awarding the taxable costs will not have a chilling effect on future plaintiffs bringing FCRA claims, and that Plaintiff's economic disparity argument is irrelevant. [*Id.*].

**DISCUSSION**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Therefore, rule 54(d) "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a United States Court may tax as costs the following:

(1) fees of the clerk and marshal;
(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) fees related to printing and witnesses;
(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) docket fees []; and
(6) compensation of court appointed experts [and fees related to interpretation services].

28 U.S.C. § 1920(1)–(6). The party requesting costs bears the burden of submitting a request, which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

I.  **Award of Costs**

A.  **The University is the Prevailing Party**

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). A prevailing party is "one

who has succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791 (1989). A prevailing party, however, "need not prevail on all issues to justify a full award of costs … [a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). Generally, if a defendant's motion to dismiss is granted, and the plaintiff's claims are dismissed, the defendant is considered the "prevailing party." *Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461-BLOOM/VALLE, 2014 U.S. Dist. LEXIS 169695 (S.D. Fla. Dec. 9, 2014).

Here, it is clear the University is the prevailing party because its Motion to Dismiss the Amended Complaint was granted, and final judgment was entered in its favor. Thus, under Rule 54(d), there is a presumption the University is entitled to taxable costs.

### B. Plaintiff's Response

Plaintiff argues that the University's Motion should be denied because (i) his FCRA claim reflects an issue of substantial public importance; (ii) the issues litigated in the case were difficult and closely ruled on by the Court; and (iii) awarding costs would have a chilling effect on future actions, particularly actions involving parties with deep economic disparities. [EFC No. 78]. "The Eleventh Circuit Court of Appeals has provided courts in this Circuit with guidelines for determining whether and to what degree a district court can deny or reduce the award of reasonable costs to a prevailing party." *Jessup v. Miami-Dade Cty.*, No. 08-21571-CIV, 2011 U.S. Dist. LEXIS 7836, at *2–3 (S.D. Fla. Jan. 27, 2011). In order to deny or reduce a cost award to a prevailing party, "'[the] district court must have and state a sound basis' for [doing so] because there is a strong presumption that a prevailing party is entitled to its reasonable costs." *Jessup*,

4

2011 U.S. Dist. LEXIS 7836 at *3 (quoting *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000)). The Court addresses each of Plaintiff's arguments individually.

### Substantial Public Importance

First, Plaintiff alleges that his FCRA claim is of substantial public importance because he is a disabled veteran and a consumer with student loans that are reported by the national credit bureaus. He points to the "potentially thousands—if not millions—of consumers who similarly obtained student loans which are reported by the national credit bureaus." [EFC No. 78 at 5]. In support of his contention, Plaintiff cites two non-binding and unpersuasive cases, *McCalmont v. Federal National Mortgage Ass'n*, No. CV-13-02107, 2019 WL 3816710 (D. Az. Aug. 14, 2019) and *Ashby v. Farmers Insurance Co of Oregon*, No. 01-CV-1446-BR, 2009 WL 3261925 (D. Or. Sept. 30, 2009). Both *McCalmont* and *Ashby* involved FCRA claims where an award of taxable costs was denied to defendants after considering the equitable factors. *McCalmont*, 2019 WL 3816710; *Ashby*, 2009 WL 3261925. The cases, however, fail to account for the strong presumption that exists in this circuit in favor of awarding taxable costs.

"[I]ssues of great public importance are primarily present in cases involving civil rights actions." *Zendejas v. Redman*, No. 15-81229-CV, 2018 U.S. Dist. LEXIS 189638, at *5 (S.D. Fla. Nov. 6, 2018). Furthermore, "even when attorneys litigate matters of great public importance, they are not free from strict compliance with the rules governing taxation of costs." *Zendejas*, 2018 U.S. Dist. LEXIS 189638 at *6 (citing *Johnson v. Mortham*, 173 F.R.D. 313, 320 (N.D. Fla. 1997)). In addition, "'[t]he language of Rule 54(d)(1) does not provide that the presumptive award of costs may be defeated because of the nature of the underlying litigation.'" *Belcher v. Grand Res. MGM, LLC*, No. 2:15-CV-834-KS-WC, 2019 U.S. Dist. LEXIS 19012, at *13 (M.D. Ala. Feb. 6, 2019) (quoting *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999)).

Although FRCA claims are of substantial public importance, "noble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs." *Sunderland v. Bethesda Hosp., Inc.*, No. 13-80685-CV, 2016 WL 7469952, at *4 (S.D. Fla. Sept. 20, 2016), *report and recommendation adopted*, No. 13-80685-CIV, 2016 WL 7443342 (S.D. Fla. Oct. 13, 2016) (quoting *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). Because Rule 54(d)(1) does not provide for a public importance exception, this Court is unpersuaded that costs should be denied based on equitable grounds. *See id.*

### i. Closeness and Difficulty of the Case

Secondly, Plaintiff argues in his Response that "the issues litigated in the case were difficult and the issues raised in [the University's] Motion to Dismiss were closely ruled on by the Court." [EFC No. 78 at 5]. The case was brought under the FCRA and presented no novel issues of fact and law. *See Williams v. Fla. Atl. Univ. Bd. of Trs.*, No. 15-CV-60621, 2018 U.S. Dist. LEXIS 137273, at *5-6 (S.D. Fla. Aug. 13, 2018) (involving employment discrimination claim and granting taxable costs to prevailing party after considering equitable factors and stating "[t]he issues presented in this case were not 'difficult, novel, or complex;' nor was there any intervening change in law.").

Furthermore, Plaintiff was given an opportunity to amend his complaint before his case was dismissed for failure to state a claim. Judge Scola issued an order requiring a more definite statement and requesting that Plaintiff file an amended complaint. [EFC No. 29]. Plaintiff then filed an Amended Complaint [EFC No. 34], and the University subsequently filed a Motion to Dismiss the Amended Complaint. [EFC No. 40]. Plaintiff's Amended Complaint was then dismissed with prejudice for failure to state a claim. [EFC No. 72]. This Court finds that the case did not present a closely litigated issue because the claims were dismissed at the pleading stage.

*See Alvarez v. Sch. Bd.*, No. 17-22556-CIV-MARTINEZ/AOR, 2021 U.S. Dist. LEXIS 15939, at *10 (S.D. Fla. Jan. 25, 2021) (finding that the "case did not present difficult and close issues of law given that Named Plaintiffs' claims were disposed of at the pleading stage."). Thus, the Court rejects Plaintiff's argument.

### ii. Chilling Effect on Future Actions and Economic Disparities

Lastly, Plaintiff also argues in his Response that "[a]n award of taxable costs to [the University] would have a chilling effect on future similar actions." [EFC No. 78 at 6]. Under the Federal Rules of Civil Procedure, a prevailing party is entitled to seek taxable costs, and seeking that award "cannot be seen as chilling the flow of litigation." *Alvarez*, 2021 U.S. Dist. LEXIS 15939 at *10 (internal quotations omitted); *see also Fla. Keys Citizens Coal., Inc. v. United States Army Corps of Eng'rs*, No. 04-23175-CIV-HUCK/SIMONTON, 2005 U.S. Dist. LEXIS 17104, at *5 (S.D. Fla. June 23, 2005) (stating that "the taxation of costs is not penal, but merely represents the fair price of bringing unsuccessful litigation."); *see also People for the Ethical Treatment of Animals, Inc. v. Miami Seaquarium & Festival Fun Parks, LLC*, No. 15-22692-CIV, 2017 U.S. Dist. LEXIS 84027, at *10 (S.D. Fla. May 30, 2017) ("[A]warding taxable costs to Defendant would not have the same chilling effect because costs are predictable.").

In support of his position, Plaintiff merely states the statistics of the University's enrollment and that 73% of those enrolled students receive financial aid. [EFC No. 78 at 6]. This Court finds that Plaintiff's argument fails to show why an award of taxable costs to the University would have a chilling effect on future FCRA claims.

Plaintiff adds that the Court should not award taxable costs to the University because "a significant economic disparity exists in [the University's] favor." [EFC No. 78 at 7]. "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its

7

award of costs pursuant to Rule 54(d)." *Chapman*, 229 F.3d at 1039. When deciding whether to award taxable costs to the prevailing party, "[t]he non-prevailing party's 'good faith and limited financial resources are not enough' to overcome the presumption." *Jessup*, 2011 U.S. Dist. LEXIS 7836 at *3 (quoting *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005)). The non-prevailing party must provide "substantial documentation of a true inability to pay" if the district court is to consider the parties' financial status. *Chapman*, 229 F.3d at 1039. Furthermore, a district court should not consider the parties' relative wealth because "[c]omparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and [] the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" *Id.* (quoting *Cherry,* 186 F.3d at 448). But even if the court considered the parties' financial status "the court 'may not decline to award any costs at all.'" *Jenner v. Bank of Am. Corp.*, 304 F. App'x 857, 860 (11th Cir. 2009) (quoting *Chapman*, 229 F.3d at 1039).

Here, Plaintiff states that his FCRA claim was not brought in bad faith nor for harassment purposes. [EFC No. 78 at 7]. More specifically, Plaintiff contends that the FCRA is designed to protect consumers. [*Id.*]. Under the statute, attorney's fees are recoverable if the plaintiff in the action prevails. [*Id.*]. He claims defendants can recover attorney's fees or costs only "upon a finding that an action was filed in bad faith or for purposes of harassment." [*Id.*]. But Plaintiff's argument is misleading. The FCRA provides:

> Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681n(c).

8

The University is not seeking taxable costs based on this statutory provision, but rather Rule 54(d)(1). Thus, a finding of bad faith is irrelevant here. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) (holding FDCPA costs provision was not contrary to Rule 54(d)(1) and thus did not displace the district court's discretion to award costs). The Court rejects Plaintiff's arguments because Rule 54(d)(1) entitles the prevailing party to an award of taxable costs. Further, this Court finds that Plaintiff has not provided "substantial documentation of true inability to pay" to overcome the strong presumption of award under the rule. Therefore, Plaintiff is liable for the taxable costs.

## II. Amount of Costs

### A. Court Reporter Charges for Deposition Transcripts

The University seeks "$2,643.95 for court reporter charges for deposition transcripts." [ECF No. 74 at 4]. Section 1920(2) permits taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The "[t]axation of deposition costs is authorized by [28 U.S.C.] § 1920(2)." *Beasley v. Wells Fargo Bank, NA & Lilac Grp.*, No. 6:20-cv-883-WWB-EJK, 2022 U.S. Dist. LEXIS 138903, at *11 (M.D. Fla. Aug. 4, 2022) (internal quotations omitted). "In order to be taxable under § 1920, deposition transcripts must be 'necessarily obtained for use in the case,' and obtaining the deposition transcript of a deponent listed as a witness for the losing party satisfies this requirement." *Blanco v. Samuel*, No. 21-cv-24023-SCOLA/GOODMAN, 2023 U.S. Dist. LEXIS 65809, at *9 (S.D. Fla. Apr. 14, 2023) (quoting *United States EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)). The fact that a party used "the deposition in a dispositive motion or inclusion of the deponent in its witness list tends to show that the deposition was necessarily obtained for use in the case." *Beasley*, at *11-12 (citing *Kahama VI, LLC v. HJH, LLC*, 8:11-cv-2029-T-30TBM, 2017 U.S. Dist. LEXIS 14327,

2017 WL 445711, at *2 (M.D. Fla. Feb. 2, 2017)). However, "a deposition may still have been necessarily obtained for use in the case even if the case ultimately did not go to trial and even if the transcript was not cited in a dispositive motion." *Delotta v. S. Broward Hosp. Dist.*, No. 19-CV-62905-SINGHAL/VALLE, 2023 U.S. Dist. LEXIS 27413, at *7 (S.D. Fla. Feb. 16, 2023) (citing *Hersh v. United States*, No. 17-CV-14212, 2020 U.S. Dist. LEXIS 92670, 2020 WL 3089089, at *2 (S.D. Fla. May 26, 2020), report and recommendation adopted, No. 17-CV-14212, 2020 U.S. Dist. LEXIS 103701, 2020 WL 3088963 (S.D. Fla. June 10, 2020)).

In addition, "[a] deposition is also considered necessary if it was related to an issue which was present in the case at the time the deposition was taken." *Id.* (internal quotations omitted). The deposition transcripts costs and the court reporter's attendance fees are recoverable. *Venerio v. Fed. Express Corp.*, No. 17-22624-Civ-SCOLA/TORRES, 2018 U.S. Dist. LEXIS 217475, at *9 (S.D. Fla. Dec. 27, 2018) (citing *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 U.S. Dist. LEXIS 103254, at *4 (M.D. Fla. Jan. 30, 2007)). Nonetheless, "where transcripts were obtained for convenience, to aid in through [sic] preparation, or for investigation only, the costs are not recoverable." *Beasley*, 2022 U.S. Dist. LEXIS 138903 at *11–12 (citing *Geico Gen. Ins. Co. v. Berguiristain*, 5:15-cv-45-Oc-30PRL, 2017 U.S. Dist. LEXIS 14329, 2017 WL 444695, at *2 (M.D. Fla. Feb. 2, 2017)).

Regarding the burden of proof, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition … the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)).

Here, the University took the depositions of Plaintiff and Plaintiff's girlfriend, Geovanna Arias ("Ms. Arias"), while Plaintiff took the deposition of Vanessa Barbieri ("Ms. Barbieri"). [EFC No. 74 at 5]. Further, the University ordered the transcripts of all three depositions. [*Id.*]. In this case, the University necessarily obtained the depositions for use in the case because it relied on Plaintiff's deposition and Ms. Barbieri's deposition for its Motion for Summary Judgment filed thirteen days before the Motion to Dismiss was granted. [EFC No. 69]. Although the University did not use Ms. Arias' deposition in the Motion for Summary Judgment, it argues that Ms. Arias' deposition was reserved for use in the reply supporting the Motion for Summary Judgment. [EFC No. 74 at 5]. However, because Plaintiff's Amended Complaint was dismissed with prejudice, the University did not have to file a reply in support of the Motion for Summary Judgment. [EFC No. 73].

Moreover, all three depositions related to issues present in the case when the depositions were taken. Thus, because the University did not obtain the transcripts "for convenience, to aid in through [sic] preparation, or for investigation only," but instead, the transcripts were necessarily obtained for use in the case, the costs are recoverable. *Beasley*, 2022 U.S. Dist. LEXIS 138903 at *11–12 (citing *Berguiristain*, 2017 U.S. Dist. LEXIS 14329 at *2). In his Response, Plaintiff failed to contest the monetary amounts and did not claim the costs the University is requesting are not recoverable; thus, Plaintiff has not attempted to meet his burden. Plaintiff has failed to challenge any of these costs, and the Court finds the University has sufficiently demonstrated the necessity of these depositions; the University should be awarded the taxable costs associated with the deposition transcripts.

### B. Videographer Charges for Depositions

The second set of costs the University seeks reimbursement for is the $1,027.50 incurred for videographer charges for the depositions of Plaintiff and Ms. Arias. [ECF No. 74 at 6]. Fees related to videotaped depositions can be recovered under Section 1920(2). 28 U.S.C. § 1920(2). "The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Zendejas v. Redman*, No. 15-81229-CV, 2018 U.S. Dist. LEXIS 189638, at *11 (S.D. Fla. Nov. 6, 2018) (citing *Morrison v. Reichhold Chems.*, 97 F.3d 460, 464-65 (11th Cir. 1996)). Nevertheless, "video deposition costs may not be awarded under Section 1920(2) without an explanation from the prevailing party on why the video deposition was necessary." *Beasley*, 2022 U.S. Dist. LEXIS 138903 at *12-13 (quoting *Bostick v. State Farm Mut. Auto. Ins. Co.*, No. 8:16-cv-1400-T-33AAS, 2018 U.S. Dist. LEXIS 39057, 2018 WL 1474712, at *4 (M.D. Fla. Mar. 8, 2018)).

Here, Defendant seeks costs associated with videotaping Plaintiff's and Ms. Arias' depositions. The University properly noticed both depositions as video depositions, and Plaintiff did not object to the videotaping of the depositions. Further, the University contends that "[i]n the event that this matter proceeded to trial, the University would have used these videos throughout trial: in opening and in closing, and to impeach Plaintiff." [ECF No. 74 at 7]. Thus, because the video depositions were adequately noticed, Plaintiff did not object, and the University has sufficiently explained why the video depositions and related costs were necessary to defend this case, the Court finds no issue with the amount sought and those permitted by statute.

### III. Interest

The University requests that this Court permit it to recover interest on any cost award. The Eleventh Circuit has provided that "when a district court taxes costs against a losing party, the

award of costs bears interest from the date of the original judgment." *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). The "post-judgment interest rate is determined by the 'weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Soto v. Miami-Dade County*, No. 14-cv-21307, 2019 WL 5212389, at *10 (S.D. Fla. Aug. 21, 2019), *report and recommendation adopted*, 2019 WL 5215391 (S.D. Fla. Sept. 5, 2019) (citing 28 U.S.C. § 1961(a)).

Given that the University is the prevailing party in this action, it is statutorily entitled to post-judgment interest at the permitted rate. According to the Board of Governors of the Federal Reserve System, the interest rate applicable for the calendar week ending April 23, 2023, the week before the date of judgment, is 4.80%. This interest rate should be applied to the award of costs, effective as of April 26, 2023, the date of Final Judgment for the University.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion for Award of Taxable Costs [ECF No. 74] be **GRANTED**, and Defendant be awarded $3,671.45 in taxable costs, plus post-judgment interest of 4.80% accruing April 26, 2023, the date of Final Judgment.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 2nd day of November, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Robert N. Scola, Jr.;**

**All Counsel of Record**